IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY RAY CAVINS,

    Petitioner,                    No. CIV-S-03-0929 MCE KJM P

    vs.

MELVIN HUNTER, et al.,         ORDER AND

    Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the fact that he was civilly recommitted to Atascadero State Hospital in 1997 as a "Mentally Disordered Sex Offender" (MDSO) under California Welfare and Institutions Code § 6300, et seq. He does not challenge his underlying conviction. Respondents have filed a motion to dismiss arguing that this action is moot and that petitioner's claims are time-barred. Oral argument was heard with respect to respondents' motion on May 24, 2006.

        Respondents argue that this case must be dismissed as moot, as petitioner was released from Atascadero on August 4, 2004 after the term of confinement ordered under the

MDSO statute had expired. Record at 871.[1] It is uncontested that the statutory term of confinement has expired. Once a habeas petitioner is released from custody, the habeas petition becomes moot unless "some concrete and continuing injury other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction–[exists]." Spencer v. Kemna, 523 U.S. 1, 7 (1998). The court does not presume collateral consequences from a civil commitment. Jackson v. California Dep't of Mental Health, 399 F.3d 1069, amended on denial of rehearing, 417 F.3d 1029 (9th Cir. 2005).

Petitioner does not argue that he is currently experiencing any direct consequences with respect to his 1997 recommitment that this court could remedy. He does argue that this action is not moot because the record of his recommitment in 1997 could result in more intensive notification of petitioner's presence to a given community in which he resides, under sex offender notification laws. Opp'n at 10:14-15:13.[2] As this court sees it, there are at least three problems with this argument given the state of the law.

First, petitioner fails to point to anything specific showing that the 1997 recommitment actually has resulted or actually will result in increased notification in any particular community. Second, petitioner has failed to show that he lives in a community, or is planning on living in a community, where the 1997 recommitment would even be considered in

---

[1] The record, submitted by respondents, will be filed under seal as ordered below.

[2] Petitioner also suggests that he is injured by the burden placed on his freedom to travel by the possibility of being the subject of intensive notification in at least certain states. Petitioner cites only one case for the most general principle that petitioner has a constitutional right to travel and relocate. Opp'n at 13 (citing Kent v. Dulles, 357 U.S. 116, 125-26 (1958)). This court's own survey has identified several recent circuit decisions that resolve constitutional challenges to state sex offender registration/notification schemes, including challenges based on the right to travel; all the circuits to address such challenges, and specifically those based on right to travel, have rejected them. See Doe v. Moore, 410 F.3d 1337, 1348-49 (11th Cir.), cert. denied, ___ U.S. ___, 126 S. Ct. 624 (2005) (Florida); Doe v. Miller, 405 F.3d 700, 711-15 (8th Cir.), cert. denied, ___ U.S. ___, 126 S. Ct. 757 (2005) (Iowa); Cutshall v. Sundquist, 193 F.3d 466, 478 (6th Cir. 1999) (Tennessee). See also Creekmore v. Attorney General, 341 F. Supp. 2d 648, 668-69 (E.D. Tex. 2004) (Texas).

determining the level of community notification of petitioner's presence.[3]  Finally, in light of the first two problems, it is impossible to ascertain whether petitioner will suffer at all based on any increased community notification.

Respondents point out, correctly, that petitioner's assertion of collateral consequences is highly speculative.  Reply at 2:13.  Because petitioner has not shown that he is suffering from a "concrete" injury as a result of his 1997 recommitment, petitioner has not shown that he is suffering from "collateral consequences" sufficient to save this action from dismissal.  See Spencer, 523 U.S. at 14; cf. Lane v. Williams, 455 U.S. 624 n.13 (1982) (fact that prior parole revocation could be considered as one factor among many to deny prisoner parole at a later date was not a sufficient collateral consequence to save action from dismissal based on mootness); cf. also Carty v. Nelson, 426 F.3d 1064, 1071 (9th Cir. 2005) (where former Sexually Violent Predator was subject to year of incarceration if he failed to verify residence and employment record every ninety days, his injury was "continuing and actual").

Based on the foregoing, the court will recommend that respondents' motion to dismiss be granted without the need to address respondents' argument that this action is time-barred.

The court notes that on March 16, 2006, respondents filed a motion asking that the court file under seal the record submitted in support of their motion to dismiss.  At the May 24, 2006 hearing concerning the motion to dismiss and motion to seal, petitioner's counsel

---

[3] While petitioner has moved to Oregon since his release, he does not identify Oregon as a state in which he is likely to be subjected to the highest levels of notification; rather he simply states that he "could be the subject of [community notice relating to predatory sex offenders] even though he is not on any conditions of supervision in the State of Oregon."  Opp'n at 13 n.9; cf. id. at 10-13 (identifying Nevada, New York and New Jersey as states triggering a mandatory law enforcement assessment of the level of risk petitioner presents).  He also provides copies of documents describing risk assessment methods used in two states, Nevada and Nebraska.  Id., Exs. E & F.  Even if petitioner were subject to either of these risk assessment schemes, it does not appear he could satisfy the actual injury requirement, because in each scheme the fact of a prior civil recommitment is just one factor in an assessment process that also appears to allow the exercise of discretion.  Cf. Spencer, 523 U.S. at 13.

1 indicated that petitioner does not object to respondents' motion.  Good cause appearing,

2 respondents' motion to seal will be granted.

3         In accordance with the above, IT IS HEREBY ORDERED that:

4         1. Respondents' March 16, 2006 motion to seal is granted.

5         2. The Clerk of the Court is directed to file the documents lodged by respondent

6 on March 16, 2006 under seal.

7         IT IS HEREBY RECOMMENDED that:

8         1. Respondents' February 24, 2006 motion to dismiss be granted; and

9         2. This case be closed.

10         These findings and recommendations are submitted to the United States District

11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

12 days after being served with these findings and recommendations, any party may file written

13 objections with the court and serve a copy on all parties.  Such a document should be captioned

14 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15 shall be served and filed within ten days after service of the objections.  The parties are advised

16 that failure to file objections within the specified time may waive the right to appeal the District

17 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18 DATED: June 1, 2006.

                                  UNITED STATES MAGISTRATE JUDGE

25 1 cavi0929.157