**OFFICE OF THE FEDERAL DEFENDER**
EASTERN DISTRICT OF CALIFORNIA
801 I STREET, 3rd FLOOR
SACRAMENTO, CALIFORNIA 95814
(916) 498-5700   Fax: (916) 498-5710

*Daniel J. Broderick*
*Federal Defender*

*Linda Harter*
*Chief Assistant Defender*

August 22, 2007

Ms. Stephanie Adraktas
Attorney at Law
P.O. Box 424015
San Francisco, CA 94142

**FILED**

AUG 23 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

Re:   **Cavins v. Hunter**
      **Civ.S-03-929-EFB**

Dear Ms. Adraktas:

This will confirm your appointment as counsel by the Honorable Edmund F. Brennan, U.S. Magistrate Judge, to represent the above-named petitioner. You are attorney of record until such time as you are relieved or other action is taken to appoint a different attorney.

Enclosed is CJA 20 form, your Order of Appointment and Voucher for services rendered. Also enclosed is an instruction sheet discussing the use of the forms, together with sample forms for reporting court time. This will also provide a uniformity in the way attorneys report their time and services rendered.

If we may be of any further assistance regarding the processing of the enclosed form, preparation of form CJA 21 for expert services, or in reference to any other matter pertaining to this case, please feel free to call upon us at any time.

Very truly yours,

CYNTHIA L. COMPTON
CJA Panel Administrator

:clc
Enclosures

cc:   Clerk's Office

# CJA 20 APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| CAE | Cavins, Jerry Ray | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| | 2:03-000929-001 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| Cavins v. Hunter | Other | | Other |

**11. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.

**12. ATTORNEY'S NAME** (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
Adraktas, Stephanie
P.O. Box 424015
San Francisco CA 94142

Telephone Number: (415) 699-1507

**14. NAME AND MAILING ADDRESS OF LAW FIRM** (only provide per instructions)

**13. COURT ORDER**
[X] O Appointing Counsel [ ] C Co-Counsel
[ ] F Subs For Federal Defender [ ] R Subs For Retained Attorney
[ ] P Subs For Panel Attorney [ ] Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

[X] Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, or
[ ] Other (See Instructions)

Signature of Presiding Judicial Officer or By Order of the Court
05/04/2007
Date of Order          Nunc Pro Tunc Date

Repayment or partial repayment ordered from the person represented for this service at time of appointment. [ ] YES [ ] NO

| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| 15. | a. Arraignment and/or Plea | | | | | |
| In Court | b. Bail and Detention Hearings | | | | | |
| | c. Motion Hearings | | | | | |
| | d. Trial | | | | | |
| | e. Sentencing Hearings | | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | | | |
| | (Rate per hour = $ 92 ) TOTALS: | | | | | |
| 16. | a. Interviews and Conferences | | | | | |
| Out of Court | b. Obtaining and reviewing records | | | | | |
| | c. Legal research and brief writing | | | | | |
| | d. Travel time | | | | | |
| | e. Investigative and Other work (Specify on additional sheets) | | | | | |
| | (Rate per hour = $ 92 ) TOTALS: | | | | | |
| 17. | Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| 18. | Other Expenses (other than expert, transcripts, etc.) | | | | | |

**19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE**
FROM _____ TO _____

**20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION**

**21. CASE DISPOSITION**

**22. CLAIM STATUS** [ ] Final Payment [ ] Interim Payment Number _____ [ ] Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? [ ] YES [ ] NO If yes, were you paid? [ ] YES [ ] NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation? [ ] YES [ ] NO If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: _____ Date: _____

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR / CERT |
|---|---|---|---|---|
| | | | | |

| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 28a. JUDGE / MAG. JUDGE CODE |
|---|---|---|
| | | |

| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| | | | | |

| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | DATE | 34a. JUDGE CODE |
|---|---|---|
| | | |

**FILED**

**NOT FOR PUBLICATION**

**MAY 04 2007**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY RAY CAVINS, <br><br> Petitioner - Appellant, <br><br> v. <br><br> BILL LOCKYER, Attorney General, <br><br> Respondent - Appellee. | No. 06-16475 <br><br> D.C. No. CV-03-00929-MCE <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted April 18, 2007
San Francisco, California

Before: THOMPSON, KLEINFELD, and THOMAS, Circuit Judges.

Jerry Ray Cavins appeals the district court's dismissal of his habeas corpus petition as moot. We reverse. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. Because it is a question of law, we review a district court's mootness determination de novo. *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The Article III case or controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotations and citations omitted).

Once the term of confinement expires, some "collateral consequence" of that conviction or confinement—must exist if the suit is to be maintained. *Id.* at 7. This rule also applies to petitioners who were subject to civil commitment pursuant to California's Sexually Violent Predator Act, Cal. Welf. & Inst. Code § 6600, *et seq*. *Carty v. Nelson*, 426 F.3d 1064 (9th Cir. 2005). In *Carty*, we held that the case was not moot even though Carty had been released because the fact that Carty had been civilly committed subjected him to sex offender reporting requirements under Cal. Penal Code § 290(a)(1)(E) & (g)(5), that, if violated, would subject him to further incarceration. *Id.* at 1071.

In this case, Cavins had tendered evidence that the revocation of his outpatient status may be used to place him in a category of higher-risk former offenders to whom more onerous community notification rules apply in certain

2

states and thus that his constitutional right to travel has been burdened. *See Kent v. Dulles*, 357 U.S. 116, 125-26 (1958) (stating that the right to travel is part of the "liberty" protected by the Fifth Amendment and specifically that freedom of movement within the country may be necessary for a livelihood and "is basic in our scheme of values").

In certain states, Cavins's outpatient revocation and the treatment violation underlying it would definitively increase his score on instruments used to assess the risk of former sex offenders. Should that score render him a high-risk as opposed to a low-risk offender, his presence as a sex offender would be broadcast to the public as opposed to just local law enforcement authorities. *See, e.g.*, Neb. Rev. St. § 29-4013 (c)(i) & (c)(iii). Should Cavins fail to comply with the heightened notification requirements in these jurisdictions, he could be prosecuted for a Class IV felony, *see* Neb. Admin. R. & Regs. Tit. 272, Ch. 19, § 017, punishable by up to five years in prison, *see* Neb. Rev. St. § 28-105. In *Carty*, the collateral consequence of a notification requirement, the violation of which was punishable by up to one year in prison, was enough to render Carty's injury continuing and actual. The consequence here is no different.

We reached a similar conclusion in a different context in *United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1063-64 (9th Cir. 2004), in concluding that the

government's appeal of a deported defendant's sentence was not moot. In that case, we observed that because the defendant "might return to this country, whether voluntarily or otherwise, we cannot say that his deportation 'makes it impossible for the court to grant any effectual relief whatever to the government.'" *Id.* (quoting *United States v. Suleiman*, 208 F.3d 32 (2d Cir. 2000). The defendant in *Plancarte-Alvarez* had no right to return to this country; here, the petitioner has a constitutional right to travel. Applying the same standards, we conclude that Cavins's petition is not moot because of the collateral consequences which may occur if he exercises his right to travel.

The government relies on *Spencer*, 523 U.S. 1, but that case is distinguishable. In *Spencer*, the Court held that collateral consequences may not be based on future effects that might only arise were the petitioner to commit future illegal acts or that might be subject to the "almost unlimited discretion" of future parole boards or sentencing judges. *Id.* at 14-15; *see also Lane v. Williams*, 455 U.S. 624, 632-33 & n.13 (1982). Unlike the petitioner in *Spencer*, the potential collateral consequences from Cavins's outpatient revocation will not befall him only if he commits further illegal acts. Quite the opposite, they will befall him if he exercises his constitutionally protected right to travel and relocate. Thus, it cannot be said that he is required by law to avoid the collateral

4

consequences he fears. Even to say he may choose to avoid the collateral consequences by foregoing a constitutional right is, in and of itself, a burdensome consequence that a favorable decision could remedy.

Further, unlike the circumstances considered in *Spencer*, the effect of his outpatient revocation will not be merely one factor among many that may be disregarded as part of the "almost unlimited discretion" of a future decisionmaker. In Nebraska at least, as Cavins has demonstrated, the risk assessment scheme is determinate and *mandates* specific point values for his outpatient revocation. *See* Neb. Admin. R. & Regs. Tit. 272, Ch. 19, § 013 and app. A (Sex Offender Risk Assessment Instrument).

Finally, unlike *Spencer*, Cavins does not seek merely to have his recommitment vacated while letting the fact of the underlying violation of conditional release stand. *See also Lane*, 455 U.S. at 633 (stating that Lane did not attack the finding that he had violated his parole). Cavins contests the allegations that he violated his treatment. If successful, relief holding that Cavins's recommitment was unconstitutionally imposed could also vacate any findings regarding the underlying conduct. Accordingly, because effective relief can be granted, a live case or controversy exists and the petition is not moot. We need not, and do not, reach any other issue urged by the parties.

5

**REVERSED AND REMANDED.**