IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY RAY CAVINS,

    Petitioner,                       No. CIV S-03-0929 MCE KJM P

    vs.

MELVIN HUNTER, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

          Petitioner is a civil detainee proceeding in forma pauperis with an application for writ of habeas corpus under 28 U.S.C. § 2254.  He raises three claims based on the Sixth Amendment, which are identified as claims 2, 5 and 6 in his second amended application filed December 29, 2005.  Respondent has filed a motion to dismiss on statute of limitations grounds.

          In claim 2, petitioner asserts his right to effective assistance of counsel was violated at proceedings resulting in his being re-committed to Atascadero State Hospital as a "Mentally Disordered Sex Offender" (MDSO) under California Welfare and Institutions Code § 6300, et seq., on July 18, 1997.  In claim 5, petitioner asserts he was denied effective assistance of counsel because his counsel failed to inform him he could appeal the July 18, 1997 decision.  In claim 6, petitioner asserts his Sixth Amendment rights were violated because the Superior Court of Glenn County failed to appoint petitioner counsel for periodic reviews of his re-

1

commitment, which took place between November 15, 2000 and the time petitioner was released in August 2004. Respondents have filed a motion to dismiss in which they argue that this action is time-barred. A hearing was held concerning the motion on August 27, 2008.

Title 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

With respect to petitioner's second claim, in which he challenges his lack of representation at the re-commitment proceeding, the parties agree that the limitations period began to run under 28 U.S.C. § 2244(d)(1)(A) on September 17, 1997, the day after time ran for petitioner to appeal.[1] See Cal. Rule of Court 8.308. This action was not filed until April 28,

/////

---

[1] Petitioner makes a half-hearted attempt to argue that the limitations period applies only to habeas applications and not particular claims. Opp'n at 17. However, as petitioner acknowledges, the Supreme Court suggested otherwise in Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005). Furthermore, if the court were to apply the limitations period only to a habeas application as a whole and not to particular claims, claims that could have been time-barred for years could be resurrected by discovery of a new factual predicate for a claim. The court is not aware of any situation where a time-barred claim can be resurrected.

2003, and there does not appear to be any statutory basis for tolling the limitations period between September 17, 1997 and September 16, 1998.

Petitioner asserts he is entitled to equitable tolling of the limitations period between September 17, 1997 and December 4, 2004, the date this court appointed counsel for petitioner. "Equitable tolling" of the limitations period is appropriate when extraordinary circumstances beyond a habeas petitioner's control make it impossible for him to file on time. See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). Petitioner seems to suggest he should benefit from equitable tolling because, during the time frame identified above, he did not have counsel to challenge the July 18, 1997 re-commitment. Petitioner does not point to anything suggesting petitioner had a right to counsel during that period of time or that he could not obtain counsel on his own. The fact that he did not have counsel is thus unextraordinary. Petitioner also appears to argue that his ignorance of the law should provide a basis for tolling. However, that argument had been explicitly rejected by the Ninth Circuit Court of Appeals. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

For the forgoing reasons, the court will recommend that petitioner's Sixth Amendment challenge to his July 18, 1997 re-commitment hearing, articulated in claim 2, be dismissed as time-barred.

With respect to petitioner's fifth claim, the limitations period also began to run under § 2244(d)(1)(A) on September 17, 1997 when petitioner's July 18, 1997 re-commitment became final.[2] Petitioner seeks equitable tolling based on his not having counsel or his ignorance of the law. Again, petitioner has not shown either of these facts entitle him to equitable tolling. Therefore, the court will recommended this claim also be dismissed as time-barred.

---

[2] The court could construe the limitations period as triggered under § 2244(d)(1)(D). However, doing so would not provide petitioner with a later starting date; nothing before the court suggests that if he were exercising due diligence, petitioner would not have learned he had a right to appeal the July 18, 1997 re-commitment before the September 17, 1997 date. Nothing before the court suggests petitioner inquired of anyone before September 17 whether he could appeal the July 18, 1997 order.

1    Petitioner's sixth claim, however, is not time-barred.  It is not disputed for
2 purposes of respondents' motion that petitioner was never told by the Superior Court of Glenn
3 County that his re-commitment status was reviewed between November 15, 2000 and the time
4 petitioner was released in August of 2004.  It also is not disputed that petitioner did not learn
5 those reviews occurred until May 10, 2005.  Based on these facts, and the fact there is no reason
6 to believe petitioner should have known the reviews were occurring, the limitations period under
7 28 U.S.C. § 2244(d)(1)(D) began to run on May 10, 2005 and had not expired by the time
8 petitioner first raised claim 6 in his second amended application for writ of habeas corpus on
9 December 29, 2005.

10   There is another problem with the remaining Sixth Amendment claim, however.
11 Petitioner had no Sixth Amendment rights with respect to any reviews of the July 18, 1997 re-
12 commitment because the Sixth Amendment, on its face, applies only to "criminal prosecutions."
13 Cf. United States v. Hall, 419 F.3d 980, 985 (9th Cir. 2005) (no right of confrontation in
14 supervised release revocation proceedings).  This is not to say petitioner might not have had a
15 right to counsel under some other provision of the Constitution, such as the Due Process Clause
16 of the Fourteenth Amendment.  In the interest of justice, the court will recommend that
17 petitioner's claim 6 be dismissed and that petitioner file a status report within twenty days after
18 dismissal indicating whether he will seek leave to file a third amended application for writ of
19 habeas corpus.

20   Accordingly, IT IS HEREBY RECOMMENDED that:
21   1. Respondents' motion to dismiss be granted and denied as follows:
22       A. Granted with respect to claims 2 and 5 in petitioner's second amended
23       application for writ of habeas corpus; and
24       B. Denied with respect to claim 6 in petitioner's second amended
25       application for writ of habeas corpus.
26 /////

   2. Claim 6 in petitioner's second amended application for writ of habeas corpus be dismissed.

   3. Petitioner be ordered to file a status report within twenty days of the adoption of the foregoing findings and recommendations indicating whether he will seek leave to file a third amended application for writ of habeas corpus.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 11, 2009.

_____
U.S. MAGISTRATE JUDGE

---

1

cavi0929.157